UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KRISTINA E. HERBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cv-00418-LEW |
| | ) | |
| UNISHIP BANKING, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and a motion to proceed without prepayment of fees and costs, which motion the Court granted. (Complaint, ECF No. 1; Motion, ECF No. 2; Order, ECF No. 3.) In accordance with the statute governing matters in which a plaintiff proceeds without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

### DISCUSSION

28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915]

are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

A review of Plaintiff's complaint fails to reveal sufficient facts to support an actionable claim.   Accordingly, dismissal of Plaintiff's complaint is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

On April 25, 2022, in *Herbert v. Meghar*, 1:21-cv-00346-LEW, the Court informed Plaintiff  that filing restrictions "may be in the offing" if she were to commence further "groundless litigation." (Order at 1, ECF No. 7) (quoting *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir.1993)).  Given Plaintiff's filing in this case, I recommend the Court consider the imposition of filing restrictions on Plaintiff.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2023.